IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA M. YODER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3111 |
| | : | |
| WELLS FARGO BANK, N.A., *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**PRATTER, J.**                                                                                                AUGUST 8th, 2018

Currently before the Court is Cynthia M. Yoder's most recent complaint against Wells Fargo and others concerning a foreclosure proceeding initiated on her parents' property. Yoder seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant her leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will also direct Yoder to show cause as to why she should not be subjected to a pre-filing injunction.

## I.    FACTS AND LITIGATION HISTORY[1]

In 2009, Yoder's parents, Rance and Darlene Strunk, were struggling to pay their mortgage. Accordingly, Yoder obtained a power of attorney from her parents for purposes of negotiating a loan modification with Wells Fargo on their behalf. In 2011, Wells Fargo initiated a foreclosure action against the Strunks in Chester County. Since that time, Yoder and her

---

[1] The following facts are taken from the Complaint and publicly available dockets of related court proceedings.

parents have been actively engaged in litigation in state and federal court related to the foreclosure proceedings.[2]

In 2011, Yoder filed an action in state court on behalf of her parents against Wells Fargo and others, asserting claims pursuant to the Truth in Lending Act, the Real Estate Settlement Procedures Act, and other state and federal laws. Wells Fargo removed the action to this Court. After the Honorable Lawrence F. Stengel dismissed the initial complaint, Yoder filed an amended complaint that added herself as a party in light of Judge Stengel's explanation that she could not represent her parents in federal court despite having a power of attorney. Judge Stengel dismissed Yoder's amended complaint with prejudice for failure to state a claim because it was predicated entirely on legal citations and exhibits. *See Yoder v. Wells Fargo Home Mortgage*, No. CIV.A. 11-07503, 2012 WL 6562837, at *2 (E.D. Pa. Dec. 17, 2012). Judge

---

[2] Yoder has also been an active litigant in this Court regarding other matters, including with regard to claims and lawsuits she has filed in conjunction with or on behalf of her mother, father, and son. She has never prevailed on any of her claims, and many of her lawsuits have been dismissed at the screening stage. *See Yoder v. Good Will Steam Fire Engine Co. No. 1*, E.D. Pa. Civ. A. No 18-2693 (dismissing case at screening because Yoder could not raise claims on behalf of her father and the Court lacked jurisdiction to enjoin a sheriff's sale that already occurred); *Yoder v. Golden Gate Senior Care*, E.D. Pa. Civ. A. No. 17-3978 (dismissing case because Yoder could not raise claims on her father's behalf and he did not file his own complaint after having been given an opportunity to do so); *Yoder v. Schmehl*, E.D. Pa. Civ. A. No. 17-4036 (dismissing at screening claims raised by Yoder's son related to his child pornography conviction, including claims against Judge Schmehl for handling his related civil cases); *Strunk v. E. Coventry Twp.*, E.D. Pa. Civ. A. No. 17-3339 (dismissing claims against officers related to their involvement in a civil dispute between Yoder and a former friend); *Yoder v. MacMain Law Grp., LLC*, E.D. Pa. Civ. A. No. 16-5221 (dismissing upon screening as frivolous a complaint filed by Yoder based on an email exchange with an attorney), *aff'd*, Appeal No. 16-4180 (3d Cir. June 28, 2017); *Yoder v. Morrow, Thompkins, TrueBlod & Leferve, LLC*, E.D. Pa. civ. A. No 15-4590 (dismissing upon screening a complaint predicated on Yoder's dispute with counsel representing her son in criminal proceedings), *aff'd*, Appeal No. 15-3593 (3d Cir. Dec. 20, 2016); *Strunk v. Richard*, E.D. Pa. Civ. A. No. 13-824 (complaint dismissed for failure to state a claim based on arrest of Yoder's son for child pornography and related crimes), *aff'd with modification*, Appeal No. 15-2313 (3d Cir. Dec. 20, 2016); *see also Yoder v. Wawa, Inc.*, E.D. Pa. Civ. A. No. 16-678 (case raising employment discrimination claims on behalf of Yoder's mother dismissed for failure to prosecute).

Stengel also explained that Yoder lacked standing to raise claims on her parents' behalf. *Id.* at *2 n.5. Yoder did not appeal.

In 2012, Yoder initiated a lawsuit in Berks County against Stevens & Lee and Stacey Scrivani stemming from their representation of Wells Fargo in the foreclosure action. That case was resolved in 2012 when the court entered judgment in favor of the defendants. *See Strunk v. Wells Fargo Bank, N.A.*, No. CIV.A. 14-5325, 2014 WL 5527827, at *2 (E.D. Pa. Nov. 3, 2014).

In 2013, Yoder filed another action in state court on behalf of herself and her parents seeking to stop the foreclosure based on alleged violations of 42 U.S.C. § 1983 and other state and federal laws, including criminal statutes. Wells Fargo removed the case to federal court and moved for dismissal. Judge Stengel dismissed the complaint with prejudice because Yoder and her parents failed to allege a sufficient factual basis to support their general allegations that Wells Fargo committed wrongdoing in connection with the foreclosure proceeding. *Yoder v. Wells Fargo Bank, N.A.*, No. 13-CV-1377, 2013 WL 5574421, at *3 (E.D. Pa. Oct. 9, 2013), *aff'd*, 566 F. App'x 138 (3d Cir. 2014) (per curiam). Judge Stengel also concluded that his dismissal of the 2011 case, the dismissal of the 2012 case in Berks County, and the state court's resolution of the foreclosure action precluded Yoder and her parents from proceeding on their claims or filing future complaints based on the foreclosure action. In concluding that leave to amend would be futile, Judge Stengel observed that Yoder and her parents "developed a pattern of filing frivolous complaints, ignoring the rules of procedure, and disrespecting this court's orders." *Id.*

Yoder and her parents appealed, and the Third Circuit Court of Appeals affirmed the dismissal of the complaint given the absence of a plausible basis for a claim. The Third Circuit also noted its concern "that Yoder seems at time [sic] to argue that she can represent her parents

3

in federal court because they gave her a power of attorney[,]" despite the fact that "she is not authorized to represent [her parents] in federal court" by virtue of the power of attorney. *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 n.6 (3d Cir. 2014) (per curiam).

In 2014, a few months after their appeal was rejected by the Third Circuit, the Strunks filed a lawsuit in state court against Wells Fargo and others, which was removed to this Court.[3] Judge Stengel dismissed the case for failure to state a claim and as precluded by the prior litigation, as the complaint duplicated the prior civil cases filed concerning the foreclosure. *See Strunk*, No. CIV.A. 14-5325, 2014 WL 5527827, at **4-5. The Third Circuit summarily affirmed, agreeing that the prior lawsuits precluded the Strunks from proceeding on their claims. *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 588-89 (3d Cir. 2015) (per curiam) ("Any claims arising from the foreclosure that the Strunks should have raised in the 2013 action, but did not, are thus barred under the doctrine of claim preclusion."). Undeterred, the Strunks filed a new complaint against Wells Fargo in February of 2016. Judge Stengel granted the Strunks leave to proceed *in forma pauperis* and dismissed the case pursuant to 28 U.S.C. § 1915(e) as barred by the prior litigation. *See Strunk v. Wells Fargo N.A.*, E.D. Pa. Civ. A. No. 16-922 (ECF No. 2). The Strunks appealed, and the Third Circuit affirmed the dismissal of their case. *See Strunk v. Wells Fargo Bank, N.A.*, 669 F. App'x 609, 610 (3d Cir. 2016) (per curiam).

While the Strunks' appeal was pending, Yoder filed her own case against Wells Fargo, Stevens & Lee, Phelan Hallinan & Schmeig, LLP, and numerous employees of and attorneys

---

[3] Mr. Strunk also filed for bankruptcy shortly before a scheduled sheriff's sale of the property. *See Strunk v. Wells Fargo Bank, N.A.*, No. CIV.A. 14-5325, 2014 WL 5527827, at *2 (E.D. Pa. Nov. 3, 2014), *aff'd,* 614 F. App'x 586 (3d Cir. 2015). The bankruptcy action was later dismissed for failure to make plan payments. *Id.*

who work for those entities.[4] *See Yoder v. Wells Fargo Bank, N.A.*, E.D. Pa. Civ. A. No. 16-4721. The gist of Yoder's claims was

> that various financial entities and their attorneys have improperly foreclosed on her parents' home, and that state and federal judges erred in ruling against her and her parents, most recently by failing to stop a sheriff's sale of the property. Yoder also allege[d] that the judges presiding over her cases failed to give proper consideration to her power of attorney and improperly admonished her for practicing law. The complaint include[d] a three-page list of civil and criminal statutes as well as constitutional provisions that Yoder believe[d] [were] implicated in [the] case, and relie[d] on numerous exhibits that concern[ed] prior litigation and Yoder's communications with others about the litigation.

*Yoder v. Wells Fargo Bank, N.A.*, No. CV 16-4721, 2016 WL 5682486, at *1 (E.D. Pa. Oct. 3, 2016).

The Honorable Nitza I. Quiñones Alejandro granted Yoder leave to proceed *in forma pauperis* and dismissed her Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) as malicious, noting that Yoder's Complaint was "the sixth case filed by Yoder and/or her parents concerning essentially the same subject matter." *Yoder*, No. CV 16-4721, 2016 WL 5682486, at *3. Judge Quiñones also put Yoder on notice "that any further attempts to re-litigate matters pertaining to her parents' mortgage or the foreclosure may cause her to be subject to a pre-filing injunction." *Id.* To the extent Yoder was pursuing any claims that were not duplicative—*i.e.,* claims against judges, including Judge Stengel, based on the manner in which they handled her cases—Judge Quiñones dismissed those claims based on absolute judicial immunity. Yoder appealed and the Third Circuit affirmed the dismissal of her case. *See Yoder v. Wells Fargo Bank, N.A.*, 693 F. App'x 166 (3d Cir. 2017) (per curiam).

---

[4] Yoder previously tried to file a case related to the foreclosure proceedings on March 21, 2016, but Judge Stengel denied her leave to proceed *in forma pauperis* with regard to that case. *See Yoder v. Wells Fargo Bank, N.A.*, E.D. Pa. Civ. A. No. 16-1401. She was also denied leave to proceed *in forma pauperis* with regard to another lawsuit she sought to file on March 21, 2016. *Yoder v. MacMain Law Group, LLC*, E.D. Pa. Civ. A. No. 16-1452. Yoder did not further pursue those cases.

Prior to filing the instant civil action, Yoder filed a case against Good Will Steam Fire Engine Company No. 1 d/b/a Good Will Ambulance, JSDC Law Offices, and Mr. James D. Young, an attorney. *See Yoder v. Good Will Steam Fire Engine Co. No. 1*, E.D. Pa. Civ. A. No 18-2693. That case in part challenged the sheriff's sale of Yoder's family home. The Honorable Juan R. Sánchez dismissed Yoder's case. With regard to the sheriff's sale, Judge Sánchez explained that, pursuant to the *Rooker-Feldman* doctrine, this Court lacks the ability to vacate state court judgments and, in any event, Yoder's request was moot because the sale had already occurred.

This is now the eighth civil action of which this Court is aware filed by Yoder and/or her parents related to or stemming from the foreclosure. Yoder's Complaint in the instant civil action names only Wells Fargo in the caption in accordance with Federal Rule of Civil Procedure 10(a). However, she identified other individuals and entities in the body of the Complaint that it appears she intends to name as Defendants—many of whom she has named as Defendants in her prior lawsuits. Specifically, she has identified: (1) Ismae Hernandez; (2) Vanessa Jones; (3) Lisa Whittpotter; (4) Stevens and Lee; (5) Staci Scrivani; (6) Craig Hiniersen; (7) Phelan Hallinan & Schmieg, LLP; (8) Justin M. Schiff; (9) Jenine Rebecca Davey; (10) Jennifer Gorchow; (11) Courtenay R. Dunn; (12) Joseph Schalk; and (13) Hladki, Onorato & Federman, LLP. The defendants are employees of Wells Fargo, and attorneys and law firms who have been involved in the foreclosure proceedings and a bankruptcy proceeding involving Yoder and/or her family members. Yoder alleges that the events giving rise to her claims primarily took place in 2011, and she references the docket number for the foreclosure case.

Yoder claims that the Defendants are liable for "Civil Conspiracy, violations of the Uniform Power of Attorney Act of 2006, Breach of Contract, Anticipatory Breach of Contract

and Sec. 1983, Fair Debt Collections Act, Elder Abuse, Fraud, Truth-In-Lending Act, [and] RESPA" in connection with the foreclosure proceeding. (Compl. ECF No. 2 at 6.)[5] She repeatedly refers to the state court docket and references the power of attorney she holds for her parents. Yoder has attached to the Complaint exhibits related to state court litigation, and correspondence with Wells Fargo.

Yoder's allegations replicate many of the allegations raised in the prior cases filed by Yoder and the Strunks regarding the foreclosure proceedings and their mortgage debt. As with many of her other filings, Yoder alleges that the Defendants have failed to honor the power of attorney she holds for her parents. Among other things, she asks this Court to direct the state court to honor her power of attorney, "[u]ncloud the title to the Strunk's property immediately by **vacating** the in rem mortgage foreclosure WITH PREJUDICE," and award her damages. (*Id.* at 22.)

## II. STANDARD OF REVIEW

The Court grants Yoder leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or

---

[5] The Court adopts the pagination assigned to the Complaint by the Court's CM-ECF system.

harass the defendant." *Id.* at 1086. In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Yoder is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

A review of the Complaint confirms that this civil action is yet another attempt to challenge the 2011 foreclosure action. Yoder's pleading essentially duplicates the claims and allegations raised in her and her parents' prior lawsuits. In light of the fact that this is now the eighth case filed by Yoder or her parents implicating the same subject matter, the Court concludes that the filing amounts to an abuse of process and may be dismissed as malicious. *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. 2013) (per curiam) ("Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose."). For similar reasons, Yoder's claims are barred by *res judicata*,

also known as claim preclusion, because they were brought or could have been brought in a prior action.[6] *See Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." (internal quotation marks omitted)). In any event, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to vacate the state court's judgment. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

While it is undoubtedly difficult to lose one's home, Yoder had opportunities to present arguments in state and federal court. She may not repeatedly challenge the mortgage proceedings and conduct related to those proceedings because she is unhappy with the results of the foreclosure proceeding or her prior cases challenging Wells Fargo's conduct.[7] Despite Judge Quiñones's warning "that any further attempts to re-litigate matters pertaining to her parents'

---

[6] The only allegation that does not appear to be duplicative is Yoder's allegation that "[a]s recent as July 21, 2018 Ms. Strunk witnesses someone, presumed a representative of Wells Fargo Bank, NA invading her privacy as one is taking pictures of her home while she sits on her front porch. The property is posted as private property and signs are posted numerous places." (Compl. at 21.) That allegation does not support any claim that Yoder could plausibly bring against any of the Defendants in this Court.

[7] Furthermore, as Yoder has repeatedly been informed, she lacks standing to raise claims based on harm suffered by her parents and her power of attorney does not change that fact. *See Yoder*, 566 F. App'x at 141 n.6; *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)).

mortgage or the foreclosure may cause her to be subject to a pre-filing injunction," *Yoder*, No. CV 16-4721, 2016 WL 5682486, at *3, Yoder seems intent on filing repetitive lawsuits against Wells Fargo and others related to mortgage proceedings, the bankruptcy proceedings, and alleged failures to honor her related power of attorney. As it does not appear that Yoder will stop filing these lawsuits, she is directed to show cause why she should not be enjoined from further similar filings in the future. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint. Yoder will not be given leave to amend because the Court concludes that amendment would be futile. Yoder will also be instructed to show cause as to why she should not be subjected to a pre-filing injunction prohibiting her from filing lawsuits about the 2011 mortgage proceedings and matters related to efforts to collect on her parents mortgage debts or their bankruptcy proceedings, including cases against Wells Fargo, Stevens & Lee, Phelan Hallinan & Schmeig, LLP, and employees or agents for those entities. An appropriate order follows, which shall be docketed separately.

BY THE COURT:

**S/Nitza I. Quinones Alejandro**

**JUDGE NITZA I. QUINONES ALEJANDRO**
**Emergency Judge for**
**JUDGE GENE E.K. PRATTER, J.**
**United States District Court Judge**